**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JASON ANDREW SHEFFIELD                                                                          PLAINTIFF
ADC # 96833

v.                                           4:13CV00385-BSM-JJV

TERRY BAILEY; *et al.*                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

1

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.  INTRODUCTION**

Jason Sheffield ("Plaintiff"), an inmate of the Pope County Detention Center ("Detention Center"), filed a *pro se* Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983.[1] He alleges the Defendants violated his constitutional rights due to the conditions of his confinement. Defendants filed a Motion for Summary Judgment (Doc. No. 49) Plaintiff filed a Response (Doc. No. 53), and Defendants have replied to that Response (Doc. No. 54), so the Motion is ripe for disposition.

---

[1] There were originally three Plaintiffs in this action. Joshua Crouch and Basil Sanford were dismissed for failure to comply with Local Rule of the Court 5.5(c)(2) (Doc. Nos. 43, 46).

## II.   UNDISPUTED FACTS

Plaintiff alleges that the conditions of his confinement at the Detention Center violated his constitutional rights (Doc. No. 2 at 4). Specifically, he alleges he was placed in solitary confinement without recreation time or running water in his cell (Doc. No. 51 ¶ 2). He further alleges Defendants Bailey and Shelton denied him showers for some unspecified period of time and that unspecified hygiene items were taken from him (*Id*. ¶ 3). Plaintiff also states that his cell was covered in "black mold," he was provided only sandwiches for meals, and no one responded to his grievances (*Id*. ¶ 5).

Records indicate that Plaintiff was placed in administrative segregation on June 19, 2013, due to his previous status as a informant for the Arkansas Drug Task Force (Doc. No. 50-1). On July 14, 2013, former co-plaintiff Joshua Crouch submitted a grievance complaining of mold in the shower (Doc. No. 50-2). Defendant Bailey issued a written response to that grievance, stating their inspection had detected no mold, but the area would be pressure washed and disinfected (*Id*.). Defendants claim no record exists of confiscation of Plaintiff's hygiene items or denial of showers (Doc. No. 50-3 ¶ 11-12). Defendants further claim no record exists of Plaintiff being placed on a sandwich-only diet (*Id*. ¶ 8). Finally, Defendants claim that all inmates in administrative segregation were allowed one hour of outdoor recreation per day, weather permitting (*Id*. ¶ 4).

## III.   SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**IV.    ANALYSIS**

Defendants raise seven arguments which, they contend, entitle them to summary judgment. They are, in the order they appear: (1) that Plaintiff's official capacity claims should be dismissed; (2) failure to respond to Plaintiff's grievances is not a constitutional violation; (3) Plaintiff's alleged lack of recreation time is not a constitutional violation; (4) Plaintiff's placement in administrative segregation does not implicate due process concerns;

(5) Plaintiff's allegations of mold fail to state a constitutional violation; (6) Plaintiff's diet claims fail to state a constitutional violation; and (7) Plaintiff's allegations concerning showers and hygiene items also fail to state constitutional claims.

Per his Response, Plaintiff restates his allegations concerning mold. Plaintiff also raises new allegations. They are that (1) Defendants' failure to place him in protective custody resulted in assaults upon his person by other inmates; (2) he was forced to "live in" human waste; and (3) he was threatened with unspecified punishment for unspecified actions. The Court declines to consider these new claims. Although *pro se* complaints are held to less stringent standards, the Court will not construe Plaintiff's Complaint to include new allegations raised only in a response to a summary judgment motion.

Upon review of the pleadings, and for the reasons stated below, the Court concludes that Defendants are entitled to summary judgment on all claims against them.

### A. Official Capacity Claims

Defendants argue that all official capacity claims against them fail because Plaintiff has failed to allege that any custom or policy of the Detention Center violated his constitutional rights. The Court agrees. Claims against government actors in their official capacities are equivalent to claims against the entity for which they work and require proof that a policy or custom of that entity played a part in the violation of a plaintiff's rights. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). In the absence of any claim implicating a custom or policy of the Detention Center, all official capacity claims against Defendants are dismissed.

### B.     Failure to Respond to Plaintiff's Grievances

Defendants argue that a failure to respond to inmate grievances is not actionable under § 1983. They are correct. A prison grievance procedure is a procedural right; it does not confer any substantive right upon the inmate. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Rather, a prison official's failure to respond to a grievance amounts only to a violation of prison policy. Failure to follow prison policy is not a constitutional violation. *See Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (violation of prison policy not actionable under § 1983). Accordingly, Plaintiff's claims related to Defendants' failure to respond to his grievances are dismissed.

### C.     Access to Recreation Time

Defendants, per the affidavit of Terry Bailey, argue that Plaintiff, like all inmates in administrative segregation, received one hour of recreation per day, so long as weather permits (Doc. 50-3 ¶ 4). Plaintiff's Response does not address the alleged lack of recreation. Rather, the only mention of recreation by Plaintiff is in the initial Complaint, where he complains that he has not received any recreation time as of June 18, 2013.[2] At the summary judgment stage the plaintiff must do more than rely on bare allegations. Instead, he must meet proof with proof. *See* Fed. R. Civ. P. 56(e). With regard to his lack of recreation, Plaintiff has failed to provide probative evidence which would allow a fact-finder to find in his favor. Accordingly, the Court concludes that Defendants are entitled to the dismissal of this claim.

---

[2] Plaintiff's Complaint was filed on July 1, 2013.

**D.     Due Process Claim**

Defendants argue that, to the extent Plaintiff raises a due process claim based on his placement in administrative segregation, such a claim fails. The Court agrees. In prisoner cases, a constitutionally protected liberty interest will arise only when the prisoner can show that he has suffered an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," as contemplated in *Sandin v. Conner* (holding that disciplinary segregated confinement of an inmate falls within expected parameters of prison life, and does not represent an "atypical and significant hardship," which would create a protected liberty interest). 515 U.S. 472, 486 (U.S. 1995). If there is no "atypical and significant hardship" there is essentially no entitlement to due process. The United States Court of Appeals for the Eighth Circuit has held that demotion from administrative segregation to punitive isolation is not the sort of deprivation which qualifies as "atypical and significant." *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996). Accordingly, the Court finds that Plaintiff's placement in administrative segregation does not violate his constitutional rights.[3]

**E.     Mold Claim**

Defendants argue that Plaintiff's mold claims, accepted as true, fail to give rise to a constitutional violation. They are correct. To establish a conditions of confinement claim pursuant to the Eighth Amendment, Plaintiff must show that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation. *Schoelch v. Mitchell*, 625

---

[3]The Court also notes that Defendants state Plaintiff's placement in administrative segregation was not punitive, but done for his own protection based on his prior history as an informant.

F.3d 1041, 1047 (8th Cir. 2010). The Plaintiff must demonstrate that he suffered "extreme deprivations," meaning that he was denied the "minimal civilized measure of life's necessities." *Id.* Plaintiff has failed to do so. While the existence of mold in his cell might prove unsightly or uncomfortable, the Constitution does not mandate comfortable prisons. *Smith v. Arkansas Dep't of Correction*, 103 F.3d 637, 644 (8th Cir. 1996). While exposure to certain molds can prove harmful to an individual's health, Plaintiff has not provided any evidence of health issues resulting from mold, nor does he allege fear of some imminent harm stemming from it.

Moreover, Defendants claim to have inspected the offending areas and found no evidence of mold (Doc. No. 50-2). Defendants also claim that pressure washing of the offending area was ordered for good measure (*Id.*). Plaintiff does not address either claim in his Response. To prevail on a conditions of confinement claim, Plaintiff must also demonstrate that Defendants knew of but disregarded, or were deliberately indifferent to risks to his health and safety. *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012). Nothing in the record would allow a finder of fact to conclude that Defendants disregarded or were deliberately indifferent to risks to Plaintiff's health or safety. The Court concludes that Defendants are entitled to dismissal of this claim.

**F.     Diet Claim**

Defendants note that it was likely one of the former plaintiffs to this action who raised dietary claims because he was allowed only three sandwiches a day (Doc. No. 51 ¶ 12). To the extent Plaintiff does invoke such a claim, they argue that his allegations fail to state a

constitutional violation. The Court agrees. While the Eighth Amendment secures prisoners' right to adequate nutrition, it does not guarantee them any right to a particular type of meal or to a certain variety of foods. *See e.g., Burgin v. Nix*, 899 F.2d 733, 734-35 (8th Cir. 1990) (inmates do not have a right to be served a particular type of food). Defendants submit that an inmate on an all sandwich diet receives 2300 calories a day. Plaintiff does not argue that he was deprived of adequate nutrition or that he suffered hunger. Rather, his only issue with his diet seems to be that it was comprised solely of sandwiches. This does not amount to a constitutional violation. Defendants are entitled to dismissal of this claim.

### G. Shower/Hygiene Claim

Defendants argue that Plaintiff's claims of denial of showers and confiscation of hygiene items also fail to allege a constitutional violation. The Eighth Amendment entitles inmates to "reasonably adequate" personal hygiene, particularly over a lengthy course of time. *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989). It is unclear from Plaintiff's Complaint how long he alleges he was denied showers. It is also unclear what personal hygiene items were allegedly confiscated from him. Defendants state that all inmates in administrative segregation were allowed showers three times per week (Doc. 50-3 ¶ 13). Plaintiff, per his Response, complains only that he was forced to shower in a stall thick with mold (Doc. No. 53 at 4). His Response does not otherwise address showering or hygiene items.

In light of the foregoing, the Court concludes that Defendants are entitled to summary judgment on this issue. Three showers a week falls within the range of "reasonably adequate"

9

personal hygiene to which Plaintiff is entitled pursuant to the Eighth Amendment. Further, Plaintiff has failed to provide probative evidence or allege specific facts which would enable a finder of fact to conclude that his rights were violated either by denial of showers or confiscation of hygiene items.

### H.  Running Water

In his Complaint, Plaintiff states he was without running water in his cell (Doc. No. 2 at 4). Defendants have not addressed this claim in their Motion and Plaintiff has not mentioned it in his Response. Nevertheless, the Prison Litigation Reform Act *requires* federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

Based on the evidence before it, the Court concludes that Plaintiff has failed to state a viable Eighth Amendment claim based on a lack of running water. Deprivation of running water does not, of itself, give rise to an Eighth Amendment violation. *See Williams v. Delo*, 49 F.3d 442, 444-447 (8th Cir. 1995) (inmate's deprivation of clothes, running water, hygiene supplies, blanket, and mattress for four days did not violate Eighth Amendment rights). It is unclear from his allegations how long Plaintiff claims to have been without running water. It is also unclear whether he alleges he was completely without water or if water was brought to him in some other way. In any event, Plaintiff does not allege any

injury stemming from this alleged lack of running water. As the record currently stands, Plaintiff has failed to allege a claim upon which relief can be granted concerning access to running water. Defendants are therefore entitled to summary judgment on this issue. If Plaintiff wishes to provide additional facts or allegations concerning this issue, he may do so in his objections to this Recommended Disposition.

## V. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 49) be GRANTED;

2. Plaintiff's claims against Defendants in their official capacities and his claims that he was without running water be dismissed without prejudice;

3. All other claims against Defendants be dismissed with prejudice;

4. The Court should certify that, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 5th day of May, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE